UNITED AIRLINES ET AL., APPELLANTS, V. STATE BOARD OF
EQUALIZATION AND ASSESSMENT, APPELLEE.
466 N.W.2d 83

Filed March 1, 1991.    Nos. 89-949, 89-951 through 89-957.

John K. Boyer, Norman H. Wright, Amy S. Bones, and John M. Ryan, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellants.

Robert M. Spire, Attorney General, and L. Jay Bartel for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal by United Airlines (United), an air carrier, under Neb. Rev. Stat. § 77-510 (Reissue 1990) from the order of the Nebraska State Board of Equalization and Assessment (Board) denying its request for equalization of its centrally assessed property. Due to an identity of issues and counsel, we have consolidated the appeal of United (case No. 89-949) with those of seven other air carriers, Northwest Airlines, Inc. (case No. 89-951), American Airlines, Inc. (case No. 89-952), Midway Airlines (case No. 89-953), Trans World Airlines, Inc. (case No. 89-954), United Parcel Service Company (case No. 89-955), Continental Airlines (case No. 89-956), and Delta Airlines, Inc. (case No. 89-957), for disposition.

We first consider the Board's argument that none of the appellants except United have standing to prosecute an appeal from the order of the Board. The Board contends none of these

appellants have standing to appeal because they are not persons "affected" by the Board's decision, as that term was interpreted by this court in *DeCamp v. State Board of Equalization and Assessment*, 203 Neb. 366, 278 N.W.2d 619 (1979), and *Laflin v. State Board of Equalization and Assessment*, 156 Neb. 427, 56 N.W.2d 469 (1953). The appellants in question contend that although they did not personally appear before the Board, they have standing to appeal because they were persons "affected" by the final decision of the Board.

Section 77-510 provides that "[f]rom any final decision of the State Board of Equalization and Assessment with respect to the valuation of any real or personal property, any person, county, or municipality *affected thereby* may prosecute an appeal to the Supreme Court." (Emphasis supplied.)

In *Laflin, supra* at 430, 56 N.W.2d at 473, this court held, in determining that the taxpayer's remedy was a direct appeal under § 77-510 rather than a mandamus action, that "[i]t was evidently the intention of the Legislature to afford relief to any person, county, or municipality by a direct appeal from a final order of the Board which denied relief to one who had made a showing requiring the affirmative action of the Board."

In *DeCamp, supra*, we focused on the language in *Laflin* regarding the right of appeal under § 77-510 of "one who had made a showing requiring the affirmative action of the Board." In *DeCamp*, the taxpayer appealed the order of the Board regarding the equalization between counties of the valuation of real and personal property for the 1978 tax year. The State contended that DeCamp did not have standing to pursue an appeal pursuant to § 77-510 because he did not personally appear at the hearing before the Board. DeCamp alleged by affidavit in this court, however, that he was the owner of taxable real and personal property in several Nebraska counties and that he did appear before the Board in the form of a letter addressed to the Board.

We concluded in *DeCamp* that although a taxpayer may raise issues before the Board by correspondence rather than personal appearance, DeCamp's letter failed to do so (1) because it was sent to the Board after the hearings had been adjourned and (2) because the content of the letter did not make a showing

requiring the affirmative action of the Board:

> [The letter] referred only to the valuation of personal property and made no mention of the many issues, now raised in appellant's brief, relating to intercounty equalization of real property. But even as to personal property, the letter was not one of a "person affected" by the State Board's action. The letter did not reveal to the Board . . . that the appellant was the owner of property, either real or personal . . . .

*DeCamp, supra* at 370, 278 N.W.2d at 622.

In dismissing DeCamp's appeal, we said:

> Where the interest of the appellant was not presented to the State Board, the action in this court is more akin to one for declaratory judgment than an appeal. We are without power to "review," in this court, matters relating to equalization which have not already been presented to the State Board. Having failed to make a showing before the State Board requiring its affirmative action, the appellant lacks standing in this court.

*DeCamp, supra* at 371, 278 N.W.2d at 622.

The parties in this case have stipulated that United appeared at the August 11, 1989, hearing and that United submitted a request for equalization to the Board. This request consisted of the following documents: (1) an application for equalization and request to be placed on the agenda, (2) a stipulation of facts, and (3) a letter to the Tax Commissioner, dated August 10, 1989, requesting equalization of personal property tax for the year 1989.

In contrast, the appellants in cases Nos. 89-951, 89-952, 89-953, 89-954, 89-955, 89-956, and 89-957 did not appear personally before the Board and made no showing before the Board requiring its affirmative action. We have not been directed to any portion of the record showing that these entities appeared before the Board by correspondence and, after reviewing the record, we can find no such documentation.

The appellants rely upon a list in the record entitled "1988 AIR TRANSPORTATION CARRIER." This exhibit was offered by the Nebraska Department of Revenue (NDR) for the purpose of assisting the Board in keeping track of NDR's

numbering of exhibits involving centrally assessed companies. The exhibit lists 18 air carriers, but contains no other information.

The appellants in question contend in their reply brief only that "the State Board's actions undoubtedly 'affected' even Appellants who did not appear at the hearing," reply brief for appellants at 6-7, and that issues of standing should be determined in accordance with our decision in *Trailblazer Pipeline Co. v. State Bd. of Equal.*, 232 Neb. 823, 442 N.W.2d 386 (1989).

In *Trailblazer Pipeline Co., supra*, Trailblazer Pipeline Company (Trailblazer) and Natural Gas Pipeline Company of America (NGPL) appealed from the order of the Board equalizing all centrally assessed property valued by the state through application of a statewide aggregate level of assessment of 88.7 percent of actual value. The Board contended that NGPL, having failed to appear before the Board or to otherwise request action of the Board, lacked standing to bring an appeal.

After reviewing numerous substantive references in the record to NGPL, we held:

> [A]s to a centrally assessed public service entity taxpayer under the provisions of Neb. Rev. Stat. §§ 77-802 et seq. (Reissue 1986 & Cum. Supp. 1988), where, as here, the Board made a final decision with respect to the valuation of the property of such taxpayer . . . *and the record contains the information disclosing the basis for such decision and assessment and alleged error*, the taxpayer being affected by such decision was entitled to prosecute an appeal to this court under the authority of § 77-510.

(Emphasis supplied.) *Trailblazer, supra* at 832, 442 N.W.2d at 391.

In the present case, however, the record shows that the Board did not make a final decision regarding the valuation of any of the appellants' property except that of United. The other appellants' interests were not presented to the Board, and therefore, there can be no appeals. There was no showing before the Board that any of the appellants other than United were the owners of personal property.

Having failed to make a showing before the Board requiring its affirmative action, the appellants in cases Nos. 89-951, 89-952, 89-953, 89-954, 89-955, 89-956, and 89-957 lack standing in this court. See, *DeCamp v. State Board of Equalization and Assessment*, 203 Neb. 366, 278 N.W.2d 619 (1979); *Trailblazer, supra.* The State's motions to dismiss the appeals in these cases are sustained.

With respect to the appeal of United, the procedural facts are essentially the same as those set forth in *Natural Gas Pipeline Co. v. State Bd. of Equal., ante* p. 357, 466 N.W.2d 461 (1991). United is an air carrier within the meaning of Neb. Rev. Stat. § 77-1244(1) (Reissue 1990) and owns, maintains, and operates flight equipment in Nebraska. The flight equipment is centrally assessed for property tax purposes pursuant to Neb. Rev. Stat. §§ 77-1244 et seq. (Reissue 1990).

On August 11, 1989, United's representative appeared before the Board and asked that United's property be equalized with that of other centrally assessed taxpayers, including railroads and carline companies.

As in *Natural Gas Pipeline Co., supra*, the Board, in its order of August 15, 1989, construed United's request for equalization as an application for tax exemption and concluded that it had no statutory or constitutional authority to rule upon such a claim.

United claims the Board wrongfully denied its request for equalization because (1) the Board erred in finding that the State of Nebraska was preempted from taxing the personal property of car companies and railroad companies pursuant to a federal adjudication of § 306(1)(d) of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. 94-210, 90 Stat. 31, 54, codified as amended at 49 U.S.C. § 11503(b)(4) (1988); (2) the Board erred in finding that as a result of such federal preemption, the personal property of car companies and railroad companies was not subject to tax and, therefore, could not be the basis for a claim of equalization; (3) the Board erred in finding that the claims of the centrally assessed taxpayers and locally assessed taxpayers were claims requesting to have their business personal property and/or real property exempted from taxation; and (4) the Board erred in

holding that it did not have the authority to consider a claim for equalization of one class or subclass of property to a level of another class or subclass of property that is exempt or is not subject to tax, and in characterizing such a claim as a claim for exemption.

As in *Natural Gas Pipeline Co., supra*, the Board contends that the enactment of L.B. 1 and L.B. 7 on November 21, 1989, renders this appeal moot.

The issues raised in United's appeal are disposed of by *Natural Gas Pipeline Co., supra*. In light of our decision in that case, the cause of United Airlines, case No. 89-949, is remanded to the Board for further proceedings consistent with our opinion in *Natural Gas Pipeline Co.*

JUDGMENT IN NO. 89-949 REVERSED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS. APPEALS DISMISSED IN NOS. 89-951, 89-952, 89-953, 89-954, 89-955, 89-956, AND 89-957.